John E. Walker, SBN: 166270
E-Mail: jwalker@sacrowalker.com
SACRO & WALKER LLP
700 N. Brand Blvd., Suite 610
Glendale, California 91203
Tel.:  (818) 721-9597
Fax:  (818) 721-9670

Attorneys for Plaintiff
NEW YORK LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>     vs.<br><br>MILANI T. BALIGOD; TRINITY T. DELENA; FABRICIO ESPARZA; ROSA FLORES; ISABEL VILLASENOR; THE ESTATE OF MARIA MAGDALENA VILLASENOR; OMAR YUBAL RUIZ VILLASENOR and DOES 1-100,<br><br>             Defendants. | Case No. 5:23-cv-02713<br><br>**PLAINTIFF NEW YORK LIFE INSURANCE COMPANY'S INTERPLEADER COMPLAINT** |

-1-
PLAINTIFF NEW YORK LIFE INSURANCE COMPANY'S
INTERPLEADER COMPLAINT
Case No. 5:23-cv-02713

# COMPLAINT IN INTERPLEADER

Plaintiff, New York Life Insurance Company (the "Company"), through its undersigned counsel, for its Complaint in Relief in Interpleader avers as follows:

# PARTIES

1. The Company is a mutual insurance company organized and existing under the laws of the State of New York, with its principal place of business in New York. The Company is a citizen of New York and duly authorized to do business in the State of California.

2. Upon information and belief, Defendant Milani T. Baligod ("Baligod") is an adult citizen of California and domiciled in Monterey County, California.

3. Upon information and belief, Defendant Trinity T. Delena ("Delena") is an adult citizen of California and domiciled in Los Angeles County, California.

4. Upon information and belief, Defendant Fabricio Esparza ("Esparza") is an adult citizen of Mexico and domiciled in Puerto Vallarta, Mexico.

5. Upon information and belief, Defendant Rosa Flores ("Flores") is an adult citizen of Mexico and domiciled in Puerto Vallarta, Mexico.

6. Upon information and belief, Defendant Isabel Villasenor ("Isabel") is an adult citizen of Mexico and domiciled in Puerto Vallarta, Mexico.

7. Upon information and belief, no proceeding has been commenced to administer the Estate of Maria Magdalena Villasenor (the "Estate"), who was an adult citizen of Mexico and had been domiciled in Puerto Vallarta, Mexico.

8. Upon information and belief, Defendant Omar Yubal Ruiz Villasenor ("Omar") is an adult citizen of California and domiciled in Yuba County, California.

9. Upon information and belief, Doe(s) 1-100 represent heirs at law of Maria Magdalena Villasenor whose identities and locations are presently unknown.

## JURISDICTION AND VENUE

10.  This Court has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under <u>State Farm Fire & Casualty Co. v. Tashire</u>, 386 U.S. 523 (1967). Defendants are citizens of California and Mexico.

11.  Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

12.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

13.  The Company issued whole life insurance policy number 44029141 (the "Policy") to Mr. Jorge Humberto Villasenor (the "Insured") with a policy date of November 18, 1990, and which provided coverage on the life of the Insured. *A specimen copy of the Policy is attached hereto as **Exhibit A**.*

14.  On the Application, dated November 1, 1990, the Insured designated his then wife, Jacqueline L. Villasenor, as beneficiary to the Policy's death benefits. *A copy of the Life Insurance Application dated November 1, 1990, is attached hereto as **Exhibit B**.*

15.  By Change of Beneficiary and Ownership form dated February 13, 1991, the Insured added his nephew, Augustine Villasenor, and his two nieces, Isabel Villasenor and Rachel Villasenor as secondary beneficiaries to the Policy's death benefits. *A copy of the Change of Beneficiary and Ownership form dated February 13, 1991, is attached hereto as **Exhibit C**.*

16.  By Change of Beneficiary form dated March 2, 2000, the Insured removed Isabel Villasenor and Rachel Villasenor as secondary beneficiaries to the Policy's death benefits and added his stepson Hamilton H. Fairburn as a secondary

beneficiary to the Policy's death benefits. *A copy of the Change of Beneficiary form dated March 2, 2000, is attached hereto as **Exhibit D.***

17.   By Transfer of Ownership/Designation of Successor Owner form dated July 6, 2006, the Insured transferred ownership of the Policy to his then wife, Jacqueline L. Villasenor. *A copy of the Transfer of Ownership/Designation of Successor Owner form dated July 6, 2006, is attached hereto as **Exhibit E.***

18.   Upon information and belief, at some point thereafter, the Insured and Jacqueline L. Villasenor divorced.

19.   By Transfer of Ownership/Designation of Successor Owner form dated January 16, 2010, Jacqueline L. Villasenor transferred ownership of the Policy back to the Insured. *A copy of the Transfer of Ownership/Designation of Successor Owner form dated January 16, 2010, is attached hereto as **Exhibit F.***

20.   By Change of Beneficiary Request form dated March 14, 2013, the Insured designated his sister Maria Magdalena Villasenor ("Magdalena"), his nephew Defendant Fabricio Esparza, his niece Defendant Rosa Flores and Defendant Isabel Villasenor as primary beneficiaries to the Policy's death benefits, with each beneficiary having a 25% share in the Policy's death benefits. *A copy of the Change of Beneficiary form dated March 14, 2013, is attached hereto as **Exhibit G.***

21.   By form dated January 20, 2020, the Insured requested that the primary beneficiaries be changed to Defendants Baligod and Delena, with each beneficiary having a 50% share in the Policy's death benefits. *A copy of the change of beneficiary request form dated January 20, 2020, is attached hereto as **Exhibit H***.

22.   Upon information and belief Defendants Baligod and Delena are the daughters of Eulalia Tibi ("Tibi").

23. Upon information and belief, Maria Magdalena Villasenor died on May 8, 2021. *A copy of Maria Magdalena Villasenor's Certification of Death is attached hereto as* **Exhibit I.**

24. As noted, upon information and belief, the Estate has not been subject to probate.

25. Upon information and belief, Defendant Omar is the only surviving heir of the Estate.

26. As per the terms of the Policy should a beneficiary predecease an Insured the remaining surviving beneficiaries, in the same class, have an equal share in the proceeds unless the shares are stated otherwise. *Exhibit A, pg. 4.*

27. Upon information and belief, the Insured died on September 2, 2022. *A copy of the Insured's Certification of Death is attached hereto as* **Exhibit J**.

28. As a result of the death of the Insured, Policy death benefits in the amount of $50,000 (the "Death Benefit") became due to a beneficiary or beneficiaries and the Company concedes liability to that effect.

29. By Death Benefit Proceeds Form dated September 19, 2022, Delena asserted a claim to the Death Benefit. *A copy of the Death Benefits Proceeds Form dated September 19, 2022, is attached hereto as* **Exhibit K**.

30. By Death Benefit Proceeds Form dated September 20, 2022, Baligod asserted a claim to the Death Benefit. *A copy of the Death Benefits Proceeds Form dated September 20, 2022, is attached hereto as* **Exhibit L**.

31. On or about October 5, 2022, the Company received a signed statement, with supporting documents, from the Insured's nephew and son of the now deceased Magdalena, Defendant Omar Yubal Ruiz Villasenor, alleging that the Insured was a victim of, among other things, elder abuse by the Insured's caregiver. The statement named Eulalia Tibi ("Tibi") as the Insured's caregiver. *A copy of the October 5, 2022 statement is attached hereto as* **Exhibit M.**

32. On or about October 26, 2022, the Company received signed statements from Defendants Esparza and Flores also alleging elder abuse by Tibi. *A copy of the October 26, 2022 statements are collectively attached hereto as* **Exhibit N.**

33. Upon information and belief, Defendants Baligod and Delena allege that Tibi is not the Insured's caregiver but instead the Insured's significant other.

34. In the event that Tibi is determined to be the Insured's caregiver, Defendants Baligod and Delena may be disqualified from receiving the Death Benefit proceeds pursuant California Probate Code § 21380, which provides, in relevant part:

> a) A provision of an instrument making a donative transfer to any of the following persons is presumed to be the product of fraud or undue influence:
>
> (3) A care custodian of a transferor is a dependent adult, but only if the instrument was executed during the period in which the care custodian provided services to the transferor, or within 90 days before or after that period.
>
> (4) A person who is related by blood or affinity, within the third degree, to any person described in paragraphs (1) to (3), inclusive.

35. In the event that Tibi is determined to be the Insured's caregiver and that California Probate Code § 21380 applies, Defendants Esparza, Flores and Isabel would equally share the Death Benefits as per the terms of the Policy.

36. In the event that Tibi is determined to be the Insured's caregiver and that California Probate Code § 21380 applies, Defendant Omar Yubal Ruiz Villasenor and Defendants Does 1-100 would not share in the Death Benefit, per the terms of the Policy, as Magdalena predeceased the Insured.

37. There have been no other claims for the Death Benefits. Under the circumstances, the Company cannot determine factually or legally who is entitled to the Death Benefits. By reason of the actual or potential claims of the interpleading defendants, the Company is or may be exposed to multiple liability.

38. The Company is ready, willing, and able to pay the Death Benefits, plus applicable interest, if any, in accordance with the terms of the Policy and to whomever this Court shall designate.

39. As a mere stakeholder, the Company has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefits and respectfully requests that this Court determine to whom the Death Benefits should be paid.

40. Accordingly, pursuant to Fed. R. Civ. P. 22 and 67, the Company seeks to deposit into the Court the Death Benefits, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

41. The Company has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between the Company and any of the Defendants. The Company brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, the Company prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint for Relief in Interpleader and litigate their claims among themselves for the Death Benefits;

(b) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefits should be paid;

(c) permitting the Company to deposit the amount of the Death Benefits, plus applicable interest, if any, into the Registry of the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(d) discharging the Company from any and all further liability to the Defendants relating in any way to the Policy and/or the Death Benefits upon payment of the Death Benefits into the Registry of this Court or as otherwise directed by this Court;

(e) dismissing with prejudice the Company from this action following deposit of the Death Benefits with the Registry of the Court or as otherwise directed by this Court;

(f) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policy and/or the Death Benefits;

(g) awarding the Company its reasonable attorneys' fees and costs in their entirety; and

(h) awarding the Company any other and further relief that this Court deems just and proper.

DATED: May 31, 2023

                              Respectfully Submitted

                    By   /s/ John Walker
                          John E. Walker
                          Attorneys for Plaintiff New York Life Insurance Company